GRAFTON.

---

TILTON *v.* CORNING.

Under *s.* 5, *c.* 94, Laws of 1885, a police judge has not exclusive jurisdiction of an inquiry concerning corrupt practices in an election.

PETITION, for a writ of *habeas corpus*, presented to a justice of this court, and adjourned into the law term. The plaintiff was summoned to testify before a justice of the peace in an inquiry made by the justice in the town of Littleton concerning a Littleton election, under Laws of 1885, *c.* 94, *s.* 5. Counsel raised and argued the question whether the police court of Littleton has exclusive jurisdiction of the inquiry.

*O. Ray*, for the plaintiff.

*W. Heywood*, for the defendant.

DOE, C. J. " Writs and proceedings in civil actions shall not be made returnable before a justice of the peace within any town

or city having a police court." G. L., *c.* 215, *s.* 7. "Police courts have . . . exclusive cognizance of all crimes and offences committed within the town in which such court is established, so far as justices of the peace have jurisdiction." G. L., *c.* 252, *s.* 8. Under the act of 1885 (*c.* 94, *s.* 5), an inquiry concerning alleged corrupt practices in an election is made by "any justice of the peace, or police judge." The inquisition is not an ordinary criminal prosecution, but a process of discovery, like a coroner's inquest. "Any justice of the peace and quorum shall have and exercise the same powers . . . as a coroner." G. L., *c.* 265, *s.* 2. It has not been understood that the authority of a justice of the peace and quorum to act as a coroner is limited to towns in which there is no police court. There are reasons for inferring that the legislature intended an election inquest might be conducted in any town by a justice of the peace. The police court of Littleton has not exclusive jurisdiction in this case.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.